

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Attention:  S. Benton Davies

Dear Sir:

Opinion No. O-5453
Re:  Should Certificate of Title fees
collected by the Tax Collector be
deposited in the Officers Special
Fund under control of the County
Treasurer, or in a Certificate of
Title Fund under the Tax Collec-
tor's control;  Should deputies of
the Tax Collector under the Certi-
ficate of Title Act be approved by
the Commissioners Court;  Can any
of the Certificate of Title Funds
be transferred to the Road and
Bridge Fund?

Your letter of July 15, 1943 requesting the opinion
of this department on the questions stated therein reads as
follows:

"Our county auditor has propounded to us three
questions concerning our interpretation of Senate
Bill No. 211 of the 48th Legislature, Regular Ses-
sion, which bill amends Section 57 of Article 1436
of the Revised Penal Code of the State of Texas,
said article being the Motor Certificate of Title
Act.

"The questions propounded are these:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION

Hon. John R. Shook, Page 2

"(1). Should these Certificate of Title
Fees, collected by the Tax Collector, be de-
posited in the Officers Special Fund under con-
trol of the County Treasurer, or in a Certificate
of Title Fund under the Tax Collector's control?

"(2). If you hold that Certificate of Title
fees should be deposited in the Certificate of
Title Fund under the Tax Collector's control, if
the Tax Collector employs Deputies for this purpose
should they be approved by the Commissioners' Court?

"(3). Can any of these funds be transferred
to the Road and Bridge Fund?

"By way of brief on the foregoing questions,
we cite you to Section 26 of Article 1436 of the
Revised Penal Code which provides 'the term des-
ignated agent means each county tax collector in
this State who may perform his duty under this Act
through any regular deputy'. Section 57 of the
same Act which is amended by Senate Bill 211,
reads the same as such amendment except for the
addition of the last two sentences of Senate Bill
No. 211, providing for the employment of assistants
and for remitting any remaining funds in the desig-
nated agent's hands to the Road and Bridge Fund of
his county. Article 3912E, Section 1 of the Revised
Civil Statutes provides 'that the Assessor and Col-
lector of Taxes shall continue to collect and re-
tain for the benefit of the Officers Salary Fund
or funds hereinafter provided, all fees and com-
missions which he is authorized under law to collect
and which shall be his duty to account for, and to
pay all such monies received by him into the fund
or funds created and provided for under the pro-
visions of the Act'.

"Section 19, paragraph H, and Section K of
this Article 3912E provides for the appointment
of assistants and employees of the tax collector

and for the payment of such assistants from the
Officers Salary Fund, and further provides for the
transfer from the General Fund of the county to
the Officers Salary Fund of such monies as are
necessary to pay the salaries and other legally
authorized claims against such funds.

"Article 16, Section 61 of the State Con-
stitution of Texas, reads as follows:  'all fees
earned by District, County and Precinct Offices
shall be paid into the County Treasury where
earned for the account of the proper fund'.

"We cite you further to the case of State,
et al versus Glass, 167 Southwestern 2nd, page
296, which case discusses all of the provisions
of the statute concerned in the answer of the
questions propounded to us.

"The monies involved in this particular
instance are being held in a special fund await-
ing your opinion upon the questions propounded.
Both the Tax Collector and the Auditor will appre-
ciate receiving your opinion at the earliest pos-
sible moment.

"Thanking you for your usual courteous atten-
tion to these matters, we are --"

We wish to answer first the question No. 2, and we
shall answer questions No. 1 and No. 3 together after answer-
ing question No. 2.  Article 3912A Revised Civil Statutes of
Texas providing for a budget in counties "in which the popula-
tion according to the last preceding Federal Census exceeds
three hundred thousand (300,000) inhabitants, and does not
exceed three hundred fifty five thousand (355,000) inhabitants"
applies to Bexar County which had according to the 1940 Census
a population of three hundred thirty eight thousand one hundred
seventy six (338,176) inhabitants.  This article provides among
other things ". . . Such budget shall be carefully itemized and
shall include the salaries and number of deputies and assistants
in each of said offices, and all other expense necessary for the
operation of said offices."

Hon. John R. Shook, Page 4

Article 3912E, sub-division (h) of the Revised Civil Statutes of Texas provides that:

"Whenever any district or county officer, . . . . shall require the services of deputies, assistants, and employees in the performance of his duties he shall apply to the Commissioners' Court for authority to appoint such deputies, assistants, and employees, stating by sworn application the number needed, the position to be filled, the duties to be performed, and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions, and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants, and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant, or clerk in any office. Upon the entry of such order the officers applying for such deputies, assistants, and employees shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The maximum compensation which may be allowed to the deputies, assistants, or clerks above named for their services shall be as follows:"

It has been held by the Court of Civil Appeals that the duties imposed upon the Tax Assessor and Collector by Article 1436-1, V. A. C. S. are duties of his office (State et al. vs. Glass, et al., 167 S. W. (2d) 296). Therefore, in answer to your second question, it is our opinion that the appointment of deputies or assistants to perform the duties required by Article 1436-1 must be made in the same

Hon. John R. Shook, Page 5

manner as any other appointment of any other assistant or deputy in such office, and the application to the Commissioners' Court for authority to appoint such deputies, must be made by the Tax Assessor and Collector, stating by sworn allegations the number needed, the positions to be filled, the duties to be performed and the amount to be paid, accompanied by a statement showing the probable receipts of office as provided in Article 3912E, Sub-Division (h); and the Commissioners' Court shall make its order authorizing the appointment of such deputies after determining the number to be appointed. After the order is made, the tax assessor and collector is authorized to appoint such deputies.

In reply to your inquiries No. 1 and No. 3, it is our opinion that the Certificate of Title Fees collected by the Tax Collector and Assessor in administering the Certificate of Title Act should be turned over to the County Treasurer to be deposited in the county depository in a special fund or account separate and apart from all other funds and accounts so that a determination can be made as to whether or not there is any balance in said fund or account after the payment of salaries of deputies or assistants of the Collector and payment of necessary expenses in administering the Act; then, after the determination of the amount of such salaries and expenses, such amount should be transferred to the Officers' Salary Fund, and any balance in such special fund, after deducting the amount for salaries and expenses must be remitted to the Road and Bridge Fund of the county.

In connection with the foregoing we call attention to Section 61, Article 16 of the State Constitution as construed in the case of State, et al, vs. Class, et al., supra, and in the case of Bettegast, et al. vs. Harris County, 159 S. W. (2d) 843 wherein the law has been fixed that all county officers shall be compensated on a salary basis alone and all fees earned by such officers shall be paid into the County Treasury for the account of the proper fund.

Hon. John R. Shook, Page 6

Senate Bill No. 211, Chapter 272, 48th Regular Session of the Legislature amended Section 57 of the Certificate of Title Act, with reference to the twenty five (25¢) cents to be retained by the Tax Collector, and among other things provided as follows:

". . . Provided, any such designated agent may employ any and all necessary assistants and incur any and all necessary expense in administering this Act in his county. Such designated agent shall pay such employed assistants and such necessary expenses incurred by him from the funds retained by him hereunder, and any amount of such funds remaining in his hands in any event shall be by him remitted to the Road and Bridge Fund of his county."

Article 3912e, Vernon's Annotated Revised Civil Statutes, Section 1 provides as follows:

"Section 1. . . . nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for, all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund or funds created and provided for under the provisions of this Act; . . . ."

It can be seen from the foregoing that prior to the passage of Senate Bill No. 211, supra, fees derived from the administration of the Certificate of Title Act should have gone into the Officers' Salary Fund as mentioned in the Glass case, when considered in connection with the general statutory provisions above quoted. However, the Senate Bill No. 211 has

Hon. John R. Shook, Page 7

designated that the surplus of such monies after payment of their salaries shall go into the Road and Bridge Fund.

Trusting this answers all of your questions, we beg to remain

APPROVED SEP 14, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Eugene N. Catlett
Assistant

ENC:fo

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE